UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WIPAPORN KHAMLUE, TINGYU AI, SONAL BHOSALE, WITTAWAT BOONTAENG, PIPIPAT CHAICHOFA, PHUONG HUYNG, SUMIT JADEJA, NATAPORN JAITAN, WORRAKAN JANTOM, DANJIA JIANG, PIYARAT KASEMWATTANA, TRAN KHAHN, AMPORN KHWANSANG, SHILIN LIU, THU LUONG, NO'O MAI, BHUSAN MANERIKA, VIJAY MCWAN, VISAHL MCWANA, PRITESH MENON, RAJESH MENON, WASANA NAMPHAN, WASITA NATESUEBSAI, CAHN NGUYEN, THU NGUYEN, PHAM OAHN, CHALISA ONSOONGNERN, RITESH PARMAR, MAYO PATEL, ROMIL PATEL, NISACHUNAN POOPIYASAK, VANDAN PUROHIT, CHAWANUTT RATCHOO, KRANGPHET SARATH, ASIM SAYED, TUSHAR SELOKAR, SAHIL SHAIKH, SUPASIT SRIPAKDEE, ONPREEYA SUKHOTRIRAT, CHUTIKARN SUKTAM, JENNA SUNIL, HARDIK VAISHNAV, KUNNICHA WIRIYAKANKHA, THONGMAN WONGKAHAN, SAMEER GHERAIYA, MAHESH KILARI, SARANYA MAHAWAT, CHANTHRAPAK MONGKHANSAWAT, AKASH PATEL, KUNNADA PANKONG, CHONGNANG SENGSUWAN and VISHVAJEETSINH ZALA,

    Plaintiffs,

v.                                                           Case No:   6:13-cv-531-Orl-28TBS

WYNDHAM VACATION OWNERSHIP, INC. and WYNDHAM VACATION RESORTS, INC.,

    Defendants.
_____

### REPORT AND REOMMENDATIONS

Pending before the Court is the Parties' Joint Motion and Stipulation for Approval of Settlement and Dismissal with Prejudice. (Doc. 28). The settlement resolves all of Plaintiffs' claims under the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 et seq. I have examined the motion and the Settlement Agreement, and for the following reasons respectfully recommend the Court **GRANT** the motion.

I.   Background[1]

Defendants own resorts located across the United States. Plaintiffs are citizens of Thailand, China, Vietnam, or India who lawfully entered the United States to work for Defendants between 2010 and 2013. Plaintiffs were admitted to this country as foreign students under the Mutual Education and Cultural Exchange Act of 1961. As part of the educational and cultural program, they were permitted to seek employment devised by their sponsoring organizations.

Plaintiffs were admitted under the sub-program for trainees or interns, positions which may not be used as substitutes for ordinary employment. They allege that Defendants used them to perform housekeeping, grounds keeping, cooking, and other low skill services essential and integral to the commercial operations of the resorts. They contend that Defendants recruited them as foreign students to specifically fill these positions. Defendants allegedly withheld money from Plaintiffs' wages to pay their rent and deposits at apartment facilities near the job site.   Plaintiffs claim that the sums withheld from their wages exceeded the actual costs of the rental facilities.

---

[1] Unless otherwise stated, all facts are taken from Plaintiffs' proposed First Amended Complaint (Doc. 18-1).

On April 1, 2013, Plaintiffs filed a complaint in this Court alleging (1) unpaid minimum wage claims under the FLSA; (2) violations of the Racketeer Influences and Corrupt Organizations Act, 18 U.S.C. § 1962(c) and 18 U.S.C. § 1962(d); and (3) breach of contract. On May 14, 2013, the Court granted Plaintiffs' motion to add parties and for leave to file a first amended complaint. (Doc. 20). Plaintiffs were instructed to file their amended complaint as a new, separate docket entry within seven days of the issuance of the Order granting their motion.   Plaintiffs failed to comply with the Court's Order. (Id.; Docket). Nevertheless, Defendants answered, admitting that Plaintiffs were all interns or trainees, but denying all wrongdoing. On January 10, 2014, the Parties informed the Court that they had resolved all claims, and they submitted their FLSA settlement agreement for approval.   Under the agreement, each Plaintiff will receive two payments, one for unpaid wages, the second for liquidated damages. The parties have separately negotiated a payment of $10,000 for Plaintiffs' attorney fees and costs. Plaintiffs settled their RICO and breach of contract claims separately from their FLSA claims.

I.   Discussion

The United States Court of Appeals for the Eleventh Circuit has explained that an FLSA claim can be settled and resolved in two ways. First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c). Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1353 (11th Cir. 1982). Second, an employee may settle and waive claims under the FLSA if the parties present to the district court a proposed settlement agreement, and after review, the district court enters a judgment approving the settlement. Lynn's Food Stores, Inc., 679 F.2d at 1353.

Before approving a settlement, the district court must scrutinize the agreement to

determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Id. at 1354-55. If the Court finds that the settlement is fair, then it must consider whether the parties' agreement otherwise "impermissibly frustrates implementation of the FLSA (factors "external" to the compromise). Dees v. Hydrady, Inc., 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).   In determining whether a settlement is reasonable, the Court considers: (1) the possible existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the state of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. Leverso v. South Trust Bank of Ala., N.A., 18 F.3d 1527, 1531 n. 6 (11th Cir. 1994); Hamilton v. Frito-Lay, Inc., No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792 * 2 (M.D. Fla. Jan. 8, 2007); Hill v. Florida Industrial Elec., Inc., No. 6:06-cv-915-Orl-31JGG, 2007 WL 781886 * 4 (M.D. Fla. Mar. 13, 2007); Pacheco v. JHM Enterprises, Inc., et al., No. 6:05-cv-1247-Orl-JGG. 2006 WL 948058 * 2 (M.D. Fla. Apr. 12, 2006).   In reviewing these factors, there is a strong presumption in favor of finding that a settlement is fair. Hamilton, 2007 WL 328792 at * 2.

If the settlement reflects a reasonable compromise of issues that are actually in dispute, the Court may approve the settlement "to promote the policy of encouraging settlement of litigation." Lynn's Food Stores, Inc., 679 F.2d at 1354. The nature of this lawsuit prompts the district court's review of the settlement agreement rather than an examination conducted by the Secretary of Labor. The policy behind the FLSA, what is and what is not permissible in the settlement of an FLSA claim, and the Court's role in determining the fairness of a compromise and settlement of an FLSA claim are discussed at length in Dees and Moreno v. Regions Bank, 729 F. Supp. 2d 1346 (M.D. Fla. 2010).

With these decisions in mind, I have reviewed the terms of the parties' settlement agreement and have concluded that the Court should approve the settlement of Plaintiffs' FLSA claims against Defendants.

Here, all parties are represented by counsel who are experienced in the litigation of FLSA claims. (Doc. 28, p. 5). Counsel represent that there has been sufficient discovery to allow the parties to negotiate a fair and reasonable settlement, and counsel are of the opinion that if this case is not settled, then the costs of litigation will likely exceed Plaintiffs' alleged damages. (Id., pp. 5-6). This controversy includes disputes over Plaintiffs' job duties, pre-employment expenses, the withholding of housing expenses, and the applicable law. This leads counsel to conclude that the probability of Plaintiffs' success on the merits is uncertain.   (Id., p. 6). The settlement amounts to be paid to Plaintiffs range from a low of $2,000 for unpaid wages together with a like amount for liquidated damages to a high of $4,662.00 for unpaid wages together with a like amount for liquidated damages. (Id., pp. 6-9). The amounts to be paid to Plaintiffs for unpaid wages will be reduced by applicable withholdings, including taxes.   (Id.).   Given the facts and circumstances of the case, counsel for all parties agree that the proposed settlement is fair and reasonable. (Id., p. 10). I am persuaded by these representations that the settlement is fair and reasonable to Plaintiffs.

Counsel also represent that Plaintiffs' $10,000 attorney's fee negotiated separately from Plaintiffs' recovery without regard to the amount of the settlement sum. This is sufficient to establish the reasonableness of the fees and that Plaintiff's recovery was not adversely affected by the amount of fees paid to her counsel. See Bonetti v. Embarq Management Co., 715 F. Supp. 2d 1222 (M.D. Fla. 2009).

Accordingly, I find the parties' proposed settlement agreement to be a fair and reasonable resolution of a bona fide dispute and **respectfully recommend** that the Court:

1. **GRANT** the parties' Joint Motion for Approval of FLSA Settlement and Dismissal with Prejudice (Doc. 28);

2. **APPROVE** the parties' settlement agreement (Doc. 28, Ex. A);

3. **DISMISS** this action with prejudice; and

4. **DIRECT** the Clerk to terminate all pending motions and close the file

Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on January 15, 2014.

*[signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record